1 iTHIBODEAUX, Judge,
dissenting.
After Fagon filed bankruptcy, she claimed her workers’ compensation lump sum settlement of $25,000.00 was exempt from any type of disbursement. The bankruptcy trustee did not oppose the exemption, but the Lafayette Bureau of Credit Control filed a motion in opposition to the exemption. The motion was denied by the bankruptcy judge. Thus, the settlement proceeds were exempt from any type of levy or seizure. Shoney’s attorney testified that upon written permission from the Bureau’s attorney, she would reissue Fagon’s lump sum settlement check and exclude the Bureau attorney’s name therefrom. The Bureau’s attorney has refused to give such permission and has continued to attempt to collect his client’s debt.
Rift support of her claim for damages due to the Bureau’s failure to remove its attorney’s name from her settlement check, thereby denying her access to the $25,000.00, Fa-gon relies on La.R.S. 23:1205 and argues that under the statute, the Bureau as a creditor cannot seize the settlement proceeds from a claim for workers’ compensation benefits.
La.R.S. 23:1205 provides in pertinent part:
Claim for payments; privilege of employee; non-assignability; exemption from seizure.
Claims or payments due ... and shall not be assignable, and shall be exempt from all claims of creditors and from levy or execution or attachment or garnishment, except under a judgment for alimony in favor of a wife, or an ascendant, or descendant.
This statute is an explicit pronouncement of the legislative will to protect state workers’ compensation benefits. The statutory provision provides for only one exception to the anti-attachment of those benefits and that is for alimony payments. See Thibodeaux v. Thibodeaux, 454 So.2d 813, 816 n. 7 (La. 1984).
Although the Bureau has postured its argument in terms of equity and bad faith on the part of Fagon in making the decision to file for bankruptcy with no intention of paying her outstanding medical bill, and therefore rationalized the placement of its attorney’s name on the settlement check, it is *236 effectively an attempt by the Bureau to enforce a claim as Fagon’s creditor. The essence of the Bureau’s claim is that Fagon incurred hospital expenses which, when she agreed to the settlement with her employer, she never intended to pay but instead filed bankruptcy. As the Bureau is merely a creditor of Fagon for the unpaid medical bills, the Bureau has no right to “seize” the worker’s compensation benefits under the guise of protecting its rights to payment by attaching its attorney’s name to Fagon’s settlement check as a payee. See Foster v. Manville Forest Products, Inc., 554 So.2d 736 |3(La.App. 2 Cir.1989), writ denied, 558 So.2d 605 (1990). Furthermore, there is no statutory support for the Bureau attorney’s actions.
Fagon is entitled to have counsel for the Bureau’s name removed from the settlement check, thus allowing Fagon to receive the proceeds.
For the foregoing reasons, I respectfully dissent.